NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FLOYD DEWAINE SCOTT,

            Plaintiff-Appellant,

    v.

I. JIMENEZ, Licensed Vocational Nurse, in
individual capacity,

            Defendant-Appellee.

No. 18-55593

D.C. No. 2:16-cv-01152-JVS-KK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

    California state prisoner Floyd Dewaine Scott appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo the district court's decision on cross-motions

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendant because Scott failed to raise a genuine dispute of material fact as to whether defendant was deliberately indifferent to his serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (a prisoner alleging deliberate indifference based on delay in treatment must show that the delay caused significant harm); *see also Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) ("[S]tate departmental regulations do not establish a federal *constitutional* violation.").

We treat Scott's objections to the answering brief and supplemental excerpts of record (Docket Entry No. 26) as a motion to strike, and deny the motion.

**AFFIRMED.**

18-55593